# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PATRICK LAWRENCE,  *Plaintiff*,  v.  SERGEANT STEHPANIE MELTON,  *Defendant*. | CIVIL ACTION NO. 5:18-cv-00074-TES-CHW |

## ORDER OF DISMISSAL

Plaintiff Patrick Lawrence, a prisoner in Lee State Prison in Leesburg, Georgia, filed a handwritten letter, which the Clerk docketed as a *pro se* civil rights complaint under 42 U.S.C. § 1983. [Doc. 1]. In this filing, Plaintiff did not set forth any claims for relief but stated that he would be filing a § 1983 complaint in the future. *Id.* With the letter, Plaintiff filed a printout of his prisoner trust fund account statement, which the Clerk docketed as a motion for leave to proceed *in forma pauperis*. [Doc. 2]. Plaintiff also filed a handwritten motion for injunctive relief, which appeared to set out Plaintiff's § 1983 claims. [Doc. 5].

In filing these documents, Plaintiff failed to submit his claims on the standard complaint form or to submit the required documents to support his motion for leave to proceed *in forma pauperis*. As a result, the United States Magistrate Judge ordered Plaintiff to submit his claims on the standard form and file the appropriate paperwork for his

motion to proceed *in forma pauperis*. [Doc. 6]. The Magistrate Judge gave Plaintiff 21 days to comply with the order's directions and cautioned Plaintiff that his failure to do so could result in the Court dismissing Plaintiff's complaint. [*Id.* at 3]. Plaintiff subsequently filed a Motion for an Extension of Time [Doc. 7], which the Magistrate Judge granted. [Text Order, dated Apr. 16, 2018].

Thereafter, Plaintiff failed to comply with the Order [Doc. 6] within the extended period of time, and the United States Postal Service returned the order granting the extension of time to the Court as undeliverable. [Doc. 8]. Moreover, although Plaintiff had previously informed the Court that he was transferring to the Georgia Diagnostic and Classification Prison, the Georgia Department of Corrections website showed that Plaintiff had actually transferred to Lee State Prison in Leesburg, Georgia.[1] Under these circumstances, the Magistrate Judge directed the Clerk of Court to forward certain documents to Plaintiff at Lee State Prison. [Doc. 9]. The Magistrate Judge gave Plaintiff an additional 21 days to refile his complaint on the proper form and submit a properly completed motion for leave to proceed *in forma pauperis*. *Id.* at 3. The Magistrate Judge again cautioned Plaintiff that his failure to comply could result in the Court dismissing this action. [*Id.*]

---

[1] The Department of Corrections website continues to show Lee State Prison as Plaintiff's most recent institution. *See* Georgia Dep't of Corrs., Find an Offender, http://www.dcor.state.ga.us/GDC/Offender/Query, Query "Lawrence, Patrick" (last visited Sept. 5, 2018).

Plaintiff subsequently failed to respond to the previous orders.[2] The Magistrate Judge therefore ordered Plaintiff to respond and show cause why the Court should not dismiss his complaint for failure to comply with the previous order to file his documents on the proper forms and submit the appropriate paperwork for his motion for leave to proceed *in forma pauperis*. [Doc. 11]. The Magistrate Judge cautioned Plaintiff that his failure to respond would result in the Court dismissing Plaintiff's action. [*Id*. at 3].

To date, Plaintiff has not responded to the Order to Show Cause [Doc. 11]. Thus, given Plaintiff's failure to comply with the previous orders or to otherwise prosecute his case, the Court now **DISMISSES** Plaintiff's complaint **without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 5th day of September, 2018.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The United States Postal Service returned one order that the Clerk sent to Plaintiff at Lee State Prison, but the Clerk then corrected Plaintiff's inmate identification number and resent that order. The Postal Service has not returned the resent order or the order to show cause that the Clerk subsequently sent to Plaintiff at Lee State Prison.